# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 2:12-cr-0010-JMS-CMM-1 |
| RODNEY L. DAVIS, | ) ) ) |
| Defendant. | ) |

**Entry on Motion to Defer Restitution Payments**

The defendant's motion to defer fine/restitution payments until the time of supervised release, filed on December 15, 2014, and the government's response thereto, have been considered.

Judgment was entered in this case on September 5, 2013. The defendant was sentenced to 292 months in prison and supervised release for life, with an assessment of $1.100.00 and restitution of $16,000.00, payment thereof to begin immediately. Dkt. 90. The Judgment also provides that "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." *Id.*

The Bureau of Prisons ("BOP") has attempted to collect the restitution obligation under the authority of the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.10-11. The defendant does not dispute the existence of the debt, but he argues that he has "little to no means of meeting this financial obligation while he is incarcerated and should not be punished due to his inability to pay his said fines/restitution at this time." He argues that the BOP has no authority to schedule such payments. The defendant has requested that this Court order the IFRP payments be terminated, place him on "no obligation status," and schedule an "achievable" payment schedule upon his release from custody.

The IFRP establishes a procedure for encouraging inmates to pay their legitimate financial obligations. 28 C.F.R. § 545.10. "Court-ordered restitution" and "special assessments" are specifically included in the obligations that are subject to the inmate's IFRP plan. 28 C.F.R. § 545.11(a)(2). The regulation details the consequences if an inmate refuses to participate in IFRP or to comply with the inmate's financial plan. 28 C.F.R. § 545.11(d). The Seventh Circuit has held that the BOP is authorized to use the IFRP to ensure that inmates make "good-faith progress" toward satisfying their court-ordered obligations. *McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir. 1999).

Although participation in the IFRP is voluntary and cannot be compelled, "an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP." *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010). Moreover, contrary to the defendant's argument, the BOP has the authority to administer the IFRP and the Court lacks authority to override the BOP's administration. *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir.2008) ("Payments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices.").

If the defendant wishes to challenge his IFRP payment plan, after he exhausts his administrative remedies, he may file a petition under 28 U.S.C. § 2241 in the district of his incarceration. *See United States v. Diggs,* 578 F.3d 318, 319 (5th Cir. 2009); *Ihmoud v. Jett,* 272 F.edAppx. 525 (7th Cir. Apr. 3, 2008) (The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241.").

For the above reasons, the defendant's motion to defer fine/restitution payments [dkt. 118] is **denied.**

**IT IS SO ORDERED.**

Date: January 14, 2015

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Rodney L. Davis
#10283-028
Butner Medium II FCI
P. O. Box 1500
Butner, NC 27509

Electronically registered counsel