UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:12-cr-00010-JMS-CMM-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| RODNEY DAVIS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12-cr-00010-JMS-CMM |
| | ) | |
| RODNEY DAVIS, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Rodney Davis has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 159. For the reasons explained below, his motion is **DENIED**.

**I.**
**Background**

In 2013, a jury convicted Mr. Davis of ten counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (counts 1-10), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (count 11). Dkts. 68, 90. According to the presentence investigation report, Mr. Davis first communicated with an undercover officer ("UC"), whom he believed to be a 13-year-old girl, on November 24, 2009 when the defendant sent an invitation to chat via Yahoo. In subsequent conversations, Mr. Davis told her that "I like young ladys (sic). Hope I don't scare you away." Also, during a conversation, he claimed to have had sex with a minor female who was 13 and with whom he lived for six months. Mr. Davis suggested getting a motel room in order to teach the UC about sex. He also sent two images to the UC, one of him sitting on a couch naked, and the other of a nude man standing in front of Mr. Davis's couch. On June 22, 2010, Mr. Davis engaged the UC in a long chat session in which he asked her to have

sexual intercourse with him. A chat session similar to the one noted above was held between the two on September 17, 2010, and some child pornography was attached. It was determined that Mr. Davis sent the UC child pornography attachments at least three times. Mr. Davis sent the UC images or videos of minors bound with rope and subjected to sexual abuse. Additionally, many other images Mr. Davis sent to the UC depict very young minors (some as young as two months) subjected to sexual acts. Also, Mr. Davis possessed child pornography images on a thumb drive that he sent to the UC on September 17, 2010, which included a video file showing a five-year-old girl being held down while an adult male masturbated and simulated her performing oral sex on him and ejaculating in her mouth. The child can be heard saying "this hurts me." Mr. Davis sent at least 10 video files of child pornography to the UC.

      Mr. Davis faced a guidelines range of 292 to 365 months of imprisonment. Dkt. 105. The Court sentenced him to 240 months of imprisonment per count on Counts 1-10, to be served concurrently, and 52 months on Count 11, to be served consecutively to Counts 1-10, for a total of 292 months of imprisonment. Dkt. 90. The Court also imposed lifetime supervised release. *Id.* The Bureau of Prisons ("BOP") lists Mr. Davis's anticipated release date (with good-conduct time included) as January 28, 2034. https://www.bop.gov/inmateloc/ (last visited August 22, 2024).

      Mr. Davis has filed his second motion for compassionate release *pro se*. Dkt. 159. Mr. Davis argues that he establishes extraordinary and compelling reasons for compassionate release because (1) a change in the law has produced a gross disparity between the sentence he is serving and the sentence he would likely receive today; and (2) he is needed at home to provide care for his sister who has cancer. *Id.* The United States opposes to the motion, dkt. 163, and Mr. Davis filed a reply, dkt. 168. The motion is now ripe for the Court's review

      .

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Davis argues that a change in the law has created a disparity between the sentence he is serving and the sentence he would likely receive today. Dkt. 159. He contends that, because other courts have applied the United States Sentencing Guidelines in a manner that resulted in a lower range to other defendants, this Court should alter its prior guidelines calculation to align with other courts. *Id.*

The United States Sentencing Guidelines permit a court to find extraordinary and compelling reasons for release exist in the following circumstances:

4

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G § 1B1.13(b)(6).

Mr. Davis, however, has pointed to no change in the law that has produced any disparity in sentencing. He points only to two cases in the Northern District of Indiana which he contends applied the sentencing guidelines differently to other defendants. These cases are not controlling on this Court and do not demonstrate that there has been any change in the law that would alter the manner in which this Court would apply the guidelines to Mr. Davis. For this reason, the Court finds that Mr. Davis has not met his burden to show that there is an extraordinary and compelling reason for release based on any disparity between the sentence he is serving and the sentence he would receive today.

Next, Mr. Davis argues that he should be released in order to provide care for his sister. Dkt. 159. The Sentencing Guidelines permit a court to find that extraordinary and compelling reasons for release exist where a defendant's sibling is incapacitated and the defendant would be the only available caregiver for the sibling. U.S.S.G. § 1B1.13(b)(3)(C), (D). Mr. Davis, however, has not shown that his sister is incapacitated. The only medical opinion provided by Mr. Davis indicates that his sister "requires assistance with medication management, driving to and from appointments, and tracheostomy care." Dkt. 159-2 at 2. His sister's letter to the court indicates merely that she is "no longer as mobile as [she] would like." *Id.* at 3. It appears from the record that Mr. Davis's sister is capable of most daily tasks, and, though she requires some assistance, is mobile and can provide self-care. The Court thus cannot conclude that Mr. Davis's sister is

incapacitated. For this reason, Mr. Davis has not met his burden to show that any need to be home to care for his sister is an extraordinary and compelling reason for release.

Even if the Court were to assume that Mr. Davis had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Davis is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] The Court analyzed these factors as follows in its prior order:

> Weighing in his favor, Mr. Davis was honorably discharged from the Army in 1972. Dkt. 150 at 6. He has had only one non-violent disciplinary infraction while incarcerated, in 2014, and has participated in BOP programming. Mr. Davis does not have any prior convictions and will have family support and collect social security if released. Weighing against him, while this may have been his first conviction, as discussed above, Mr. Davis's crimes were horrific and involved children. Mr. Davis has not completed sex offender treatment, dkt. 150 at 7, and it appears that he declined to participate in the Sex Offender Management Program (Non-Residential Sex Offender Treatment Program) when offered, dkt. 156-1 at 34. Finally, Mr. Davis has completed less than half of his sentence and is not scheduled to be released for another 10 ½ years.

Dkt. 158.

Mr. Davis has not produced any information which would alter the Court's prior determination. In light of these considerations, the Court finds that releasing Mr. Davis early would not reflect the seriousness of the offense; promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

### III.
### Conclusion

For the reasons stated above, Mr. Davis's motion for compassionate release, dkt. [159], is **denied**.

**IT IS SO ORDERED.**

Date: 8/23/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Rodney Davis
Register Number: 10283-028
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432