UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | ) | |
| *vs.* | ) | 2:12-cr-00010-JMS-CMM -01 |
| RODNEY L. DAVIS, *Defendant*. | ) | |

**ORDER**

Defendant Rodney Davis filed a Motion for Compassionate Release on February 27, 2026, in which he argued that his sister's declining health and the fact that he is the only caregiver for her, along with his own declining health, constituted extraordinary and compelling reasons for release. [Filing No. 176.] On May 19, 2026, the Court denied Mr. Davis's Motion for Compassionate Release. [Filing No. 182.] In doing so, the Court found that Mr. Davis had sustained his burden of showing that his sister is incapacitated, that he is the only available caregiver, and that these circumstances constitute an extraordinary and compelling reason for compassionate release, but also found that Mr. Davis is a danger to the safety of any other person or to the community and that the factors set forth in 18 U.S.C. § 3553(a) weigh against compassionate release. [Filing No. 182.]

Mr. Davis has now filed a Motion for Reconsideration in which he asks the Court to consider new information related to his Motion for Compassionate Release, including that: (1) his sister's recent MRI showed that her condition is deteriorating; and (2) Bureau of Prisons ("BOP") records reflect that he has not refused BOP programming but, instead, has been on a waiting list

and that BOP forms "show[] [his] scores place [him] at below average risk for re[-]offense." [Filing No. 183 at 1.]

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Because Mr. Davis seeks relief from the Court's Order denying his Motion for Compassionate Release, the Court will analyze his motion under Fed. R. Civ. P. 60(b). Rule 60(b) allows a court to relive a party from an order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

Mr. Davis has not presented circumstances warranting reconsideration of the Court's Order denying his Motion for Compassionate Release. First, the Court has already found that Mr. Davis sustained his burden of showing that his sister is incapacitated. Any additional evidence related to her health only bolsters that conclusion.

Second, as to BOP programming, the Court stated in its Order denying Mr. Davis's Motion for Compassionate Release that "although it is a positive step that Mr. Davis has now placed himself on the waiting list for the [Non-Residential Sex Offender Management Program

("NRSOMP")] after initially refusing to engage in treatment, the fact remains that – whether due to his delay in enrolling or because of BOP policy – he has not yet participated in that treatment." [Filing No. 182 at 9.] Whether Mr. Davis was on a waiting list for the NRSOMP program the whole time, rather than refusing to engage in programming, was not relevant to the Court's finding, does not change the fact that he has not participated in the program, and does not change the Court's conclusion that Mr. Davis would be a danger to the safety of any other person or to the community and that the § 3553(a) factors weigh against compassionate release. Further, while the records Mr. Davis submits reflect the BOP's assessment that he is at a below average risk for re-offense, this is not enough to alter the Court's analysis set forth in its May 19, 2026 Order or to lead the Court to change its finding that Mr. Davis is a danger to the safety of any other person or to the community and that the § 3553(a) factors weigh against compassionate release.

In sum, Mr. Davis has not shown that any of the factors set forth in Rule 60(b) are present, which would warrant reconsideration of the Court's denial of his Motion for Compassionate Release. Accordingly, his Motion for Reconsideration, [183], is **DENIED**.

Date: 9/1/2026

Jane Magnus-Stinson

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via United States Mail to:**

Rodney L. Davis
#10283-028
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432